UNITED STATES, Appellee,

v.

David SANCHEZ–BADILLO,
Defendant, Appellant.

United States, Appellee,

v.

Francisco Tomas Muriel–Castillo,
Defendant, Appellant.

Nos. 03–1944, 03–1945.

United States Court of Appeals,
First Circuit.

Dec. 2, 2003.

Jose R. Franco on brief, for appellants.

H.S. Garcia, United States Attorney, Sonia I. Torres–Pabon, Assistant United States Attorney, and Nelson Perez–Sosa, Assistant United States Attorney, on brief, for appellee.

Before LYNCH, LIPEZ AND HOWARD, Circuit Judges.

PER CURIAM.

After carefully considering the briefs and record in these consolidated appeals, we *affirm* the pre-trial detention orders for substantially the reasons stated by the district court.

Our review is independent, tempered by a degree of deference to the determination below. *United States v. Tortora*, 922 F.2d 880 (1st Cir.1990). The appellants essentially argue that since the government's case rested upon hearsay, it failed to prove the need for detention by a preponderance of the evidence. However, the rules of admissibility for criminal trials do not apply to detention hearings. 18 U.S.C. § 3142(f); *United States v. Acevedo–Ramos*, 755 F.2d 203 (1st Cir.1985). More importantly, the appellants' indictments sufficed to trigger a rebuttable presumption in favor of detention. 18 U.S.C. § 3142(e); *United States v. Vargas*, 804 F.2d 157 (1st Cir.1986). As the district court ruled, the appellants failed to satisfy their burden of production by presenting some evidence that they do not endanger the community. Finally, even if they had discharged their burden, the weight of the incriminating evidence is just one factor in the analysis. 18 U.S.C. § 3142(g); *United States v. Palmer–Contreras*, 835 F.2d 15 (1st Cir.1987). The appellants are charged with serious crimes involving large amounts of drugs, and the record shows that they have the contacts and resources to flee.

*Affirmed.* Loc. R. 27(c).